FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 30, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 168

Nicholas Mark Carpenter,  Petitioner and Appellant

v.

State of North Dakota,  Respondent and Appellee

### No. 20210104

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Allen M. Koppy, State's Attorney, Mandan, ND, for respondent and appellee.

# Carpenter v. State
## No. 20210104

**Per Curiam.**

[¶1] Nicholas Mark Carpenter appeals from an order denying his application for post-conviction relief following an evidentiary hearing. In 2017, Carpenter was arrested on a warrant issued for his failure to appear in another case. During the arrest and search of Carpenter, officers located drugs and drug paraphernalia. The underlying warrant was subsequently dismissed as invalid. Carpenter was sentenced to five years' imprisonment following a guilty plea. Carpenter applied for post-conviction relief alleging ineffective assistance of counsel, arguing his attorneys' conduct was unreasonable in failing to file a motion to suppress evidence. At the post-conviction hearing, both of Carpenter's attorneys testified they believed a suppression motion was unwarranted based upon United States Supreme Court precedent. The district court found Carpenter failed to show his attorneys' assistance fell below an objective standard of reasonableness and therefore failed to satisfy the first prong of the *Strickland* test.

[¶2] We conclude the district court's findings regarding the first prong, whether counsel's conduct fell below an objective standard of reasonableness, are not clearly erroneous. Courts need not address both prongs of the *Strickland* test if the matter can be resolved by addressing only one prong. *Rencountre v. State*, 2015 ND 62, ¶ 7, 860 N.W.2d 837 (citing *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277). The court did not clearly err in denying Carpenter's application for post-conviction relief, and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte

1